Lewis Duane **ALTMAN**, Jr., Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–77–92.

Court of Criminal Appeals of Oklahoma.

Aug. 15, 1977.

Clarke L. Randall, App. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Lewis Duane Altman, Jr., hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–76–1628, with the offense of Robbery by Force, in violation of 21 O.S. 1971, § 791. In a jury trial he was found guilty and was sentenced to five (5) years' imprisonment, and from that judgment and sentence defendant brings this timely appeal.

A complete statement of the facts of the case is unnecessary, since the defendant's sole assignment of error deals with events which transpired after his arrest. At the trial the State introduced into evidence a statement made by the defendant to police officers. Defense counsel's objection to the admission of the statement was overruled, after a *Jackson v. Denno*[1] in camera hearing, and on appeal it is urged that the trial court committed error in thus admitting the statement.

The only testimony presented at the in camera hearing held by the trial court for the purpose of determining voluntariness was that of one of the interrogating officers. He testified that the defendant signed a waiver of his *Miranda* rights after they were read to him, and that after the substance of his statement was reduced to writing the defendant read and signed that written statement. The officer also stated that the defendant was expressly asked whether he could read, and that the defendant said that he could.

■ The defendant presented no other evidence at this hearing, and it is apparent that the trial court was correct in ruling that the statement should be admitted. In his brief, the defendant argues that the statement was not given voluntarily, and that he did not make a knowing and intelligent waiver of his rights to remain silent and to confer with an attorney prior to questioning. However, all of the evidence that defendant relies upon in support of his argument is testimony given in open court after the in camera hearing and after the trial court had ruled on the admissibility of the statement. Such testimony was not before the judge when he made his ruling, and is not material to that ruling.

■ In the instant case this distinction is of no consequence, since even the addition of the later testimony, put on during defendant's case in chief, will not render the statement inadmissible; however, in the future attorneys would be well advised to insure that the court has all relevant evidence before it during the *Jackson v. Denno* hearing on the motion to suppress the confession.

The defendant's assignment of error is without merit, and the judgment and sentence of the trial court is *AFFIRMED*.

BUSSEY, P. J., concurs.

---

1. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964).